IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PABLO GONZALEZ,

                Petitioner,                    OPINION and ORDER

v.

                                            22-cv-513-wmc

R.D. KEYES,

                Respondent.

---

Pablo Gonzalez, a prisoner currently incarcerated by the Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin, petitions for post-conviction relief under 28 U.S.C. § 2241. Gonzalez contends that he is entitled to sufficient sentence credit under the First Step Act ("FSA") to warrant immediate pre-release from custody. However, his petition must be dismissed because: (1) Gonzalez has failed to meet the Act's exhaustion requirement; and (2) Gonzalez's FSA credits have been recalculated since he filed his petition.

OPINION

Exhaustion of administrative remedies is a prerequisite to seeking habeas relief in federal court under 28 U.S.C. § 2241. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The exhaustion requirement "allow[s] agencies to develop the facts, to apply the law in which they are peculiarly expert, and to correct their own errors." *Sanchez v. Miller*, 792 F.2d 694, 698 (7th Cir. 1986) (citation omitted). Nevertheless, a district court *may* excuse exhaustion where: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief

1

requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Gonzalez v. Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Here, Gonzalez argues he should be excused from meeting the exhaustion requirement because the BOP unduly delayed recalculating his sentence and has predetermined the issue. Specifically, Gonzales represents that his release date is July 2023, and he estimates that he has earned about 12 months of FSA credits, which should be applied to his sentence. Nevertheless, Gonzalez asserts that the BOP will not recalculate his FSA credits at this time, citing an April 2022 declaration from a BOP official who stated that the BOP did not intend to recalculate FSA credits for inmates who had already been reviewed until the implementation of an automated system. (Dkt. #1, at 1.)

First, the court cannot excuse Gonzalez's non-exhaustion. Gonzalez's attachments to his petition do *not* show that the BOP is refusing to recalculate his FSA credits or consider his request for release. Rather, Gonzalez attaches a declaration filed in another § 2241 petition seeking the same relief. *See Stewart v. Snider*, No. 22-cv-294, Dkt. 11-14 (N.D. Ala. Apr. 29, 2022). Moreover, that declaration is from April of 2022 (*see* dkt. #1-3), and Gonzalez has not shown that the BOP has since failed to implement an automated system to calculate FSA credits or otherwise declined to recalculate FSA credits for Gonzalez or inmates in his position.

In fact, the government points out that Gonzalez did not even *start* the process of seeking an administrative remedy before he filed his petition on September 2, 2022. The government further points out that in October 2022, Gonzalez's FSA credits were

calculated, and his projected prerelease date was moved up from December 30, 2023, to March 5, 2023. Indeed, the BOP's inmate tracker shows that Gonzalez was released to a residential reentry center on January 24, 2023.

Since Gonzalez has not responded to the government's opposition to this motion, the court is left to conclude that he neither disputes nor disagrees with the government's response, and that his petition is now moot altogether. Therefore, the court will dismiss Gonzalez's petition without prejudice.

## ORDER

IT IS ORDERED that:

1. Petitioner Pablo Gonzalez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice for failure to exhaust his administrative remedies and on mootness grounds.

2. The clerk of court is directed to close this case.

Entered this 4th day of April, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge